UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-65-DCR |
| | ) | Civil Action No. 6: 13-7270-DCR |
| V. | ) | |
| | ) | |
| JOHNNY E. PINGLETON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Petitioner Johnny E. Pingleton's motion to vacate his conviction and judgment under 28 U.S.C. § 2255. [Record No. 249] Because the current motion is a second or successive habeas petition under 28 U.S.C. § 2255, it will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244[1] and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant/Petitioner Pingleton was convicted following a jury trial of conspiring to manufacture more than 50 grams of methamphetamine and using a minor to commit a drug offense in violation of 21 U.S.C. §§ 846 and 846(a)(1). [Record Nos. 146, 151] He was also convicted of possessing pseudoephedrine for manufacturing methamphetamine in violation of

---

[1] Title 28 of the United States Code, Section § 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

21 U.S.C. § 841(c)(2). Pingleton's subsequent 408-month sentence of imprisonment was affirmed by the Sixth Circuit on February 6, 2007. [Record No. 170] Following an unsuccessful attempt to obtain review by the United States Supreme Court, Pingleton filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on April 22, 2008. [Record No. 206]

This Court denied Defendant Pingleton's initial motion for habeas corpus relief on August 28, 2008. [Record No. 223] In his motion, Pingleton made essentially the same arguments that were raised in his direct appeal to the Sixth Circuit. Additionally, Pingleton asserted two claims that "varied slightly" from those presented to the Sixth Circuit. He argued that: (1) there were inconsistent verdicts because his co-defendant was acquitted of the conspiracy charge and he was convicted; and (2) the government's witnesses committed perjury and were otherwise not credible. [Record No. 206, p. 3] With respect to the "inconsistent verdict" claim, the Court adopted the legal conclusions contained in the Report and Recommendation of United States Magistrate Judge Robert E. Wier, and noted that "this argument has been rejected by the Sixth Circuit and the United States Supreme Court." [Record No. 223, p. 3; *see* Record No. 220, pp. 5-6] The Court also denied relief on the "government witness" claim because the Sixth Circuit had rejected the argument on direct appeal. Further, the Court agreed with the Magistrate Judge's determination that the issue was inappropriate for collateral review and that the perjury assertions were not supported by the record. [Record No. 223, p. 3] Accordingly, the Court dismissed Pingleton's § 2255 motion and entered judgment in favor of the respondent. Pingleton did not appeal the Court's decision.

On April 2, 2013, a letter from Pingleton — titled "A Petition under § 2255 for Ineffective Assistance of Counsel" — was filed in the record of this action. [Record No. 249] In this document, Pingleton argues that his trial counsel was ineffective because he failed to "advis[e] the Defendant of all avenues that a plea bargain might offer." [*Id.*, p. 4] Pingleton contends that he is entitled to relief because his attorney erred by advising Pingleton to proceed to trial instead of seeking to enter a plea agreement. [*Id.*, p. 6 ("By listening to the advi[c]e from my attorney I got 3 additional charges and 24 more years than the 10 years I might have been able to get.")] Pingleton thus maintains that his conviction and sentence should be vacated and set aside.

Because the Court has previously denied habeas relief to Pingleton under 28 U.S.C. § 2255, Pingleton's motion constitutes a second or successive motion. *See* 28 U.S.C. § 2244(a).[2] Therefore, Pingleton's motion is procedurally barred unless the Sixth Circuit determines that Pingleton has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

2     This statute provides that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion).

evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). As a result, this Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit so that it can determine whether the claim may be presented.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Petitioner Johnny E. Pingleton's current motion [Record No. 249] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

2. To the extent that Defendant Johnny E. Pingleton seeks relief from this Court, that request is **DENIED**, in accordance with 28 U.S.C. § 2244(a).

This 2nd day of April, 2013.

